10-423-ag
Singh v. Holder

BIA
A070 657 377

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of September, two thousand eleven.

PRESENT:
    RALPH K. WINTER,
    JOSÉ A. CABRANES,
    ROBERT D. SACK,
        *Circuit Judges.*

_____

BILLU SINGH,
        *Petitioner,*

    v.                                    10-423-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Viney K. Gupta, Orange, California.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Richard M. Evans, Assistant
                       Director; Brooke M. Maurer, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Billu Singh, a native and citizen of India, seeks review of a January 22, 2010, order of the BIA denying his motion to reopen his removal proceedings. *In re Billu Singh*, No. A070 657 377 (B.I.A. Jan. 22, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA did not abuse its discretion by denying Singh's motion to reopen as time and number-barred, as it was his second motion to reopen, filed more than five years after his final order of removal. *See id.*; 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a motion to reopen if it is based on "changed country conditions arising in the country of nationality."

2

8 U.S.C. § 1229a(c)(7); *see* 8 C.F.R. § 1003.2(c)(3)(ii). In this case, because Singh did not present any evidence of changed country conditions in India, the BIA did not abuse its discretion in finding that he failed to demonstrate an exception to the time and number limitations. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(3)(ii).

Although Singh claims that his removal order was defective because he is actually Amarjit Singh Dhillon and entered the United States on a visa, substantial evidence supports the BIA's refusal to credit that assertion given Singh's original asylum application, his testimony, and his submission of a birth certificate in the name Billu Singh.

Singh also asserts that the BIA erred in declining to toll the time for filing due to ineffective assistance of counsel. In certain circumstances, an alien may toll the time period for filing a motion to reopen by demonstrating ineffective legal assistance. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). In order to equitably toll the time period, in addition to complying with the procedural requirements for an ineffective assistance of counsel claim, an alien must show prejudice as a result of the ineffective assistance, and must have exercised due diligence in

3

pursuing the claim. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). Because Singh did not provide any evidence to show that he had complied with the procedural requirements enumerated in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and did not present any claims of ineffective assistance that could not have been presented when he filed his first motion to reopen, the BIA did not abuse its discretion in finding that Singh failed to exercise the necessary due diligence. *See Jian Hua Wang*, 508 F.3d at 715.

Singh argues that his due process rights were violated by the BIA's failure to correct his defective removal order, and to reopen proceedings so that he could claim relief as the battered spouse of a United States citizen. However, because the BIA did not abuse its discretion in either respect, Singh's due process claim is without merit.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk